UNITED STATES DISTRICT COURT      SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Rio Grande Food Products, Inc., § § Plaintiff, § § versus § § Cyclone Enterprises, Inc., et al., § § Defendants. § | Civil Action H-18-3265 |

## Opinion on Summary Judgment

1. *Introduction.*

Rio Grande Food Products, Inc., sued Cyclone Enterprises, Inc., and S&M Distributors, Inc., for (a) false advertising, (b) false designation of origin, (c) unfair competition, (d) unjust enrichment, and (e) tortious interference with an existing or prospective business relationship, among others.

Cyclone and S&M jointly moved for partial summary judgment on Rio Grande's claims of (a) false designation of origin and (b) false advertising. Cyclone filed a separate motion for partial summary judgment for Rio Grande's claims for (a) false advertising, (b) unfair competition, (c) unjust enrichment, and (d) tortious interference with an existing or prospective business relationship. Cyclone and S&M lose on the claims of false advertising, false designation of origin, unfair competition, and tortious interference with an existing or prospective business relationship.

2. *Background.*

Lido is a bakery in El Salvador. It had an exclusive distributorship with Rio Grande to distribute Lido baked goods in the United States.

Later, Rio Grande entered a distribution agreement with Cyclone to help it sell Lido products in Texas. Rio Grande ended that agreement when it built its own warehouse in Pasadena. Cyclone continued to sell Lido products in the U.S. through S&M, another

distributor. Lido sent letters to Cyclone and S&M telling them about Lido's exclusive distributorship agreement with Rio Grande and asking them to quit interfering.

Rio Grande routinely sold Lido goods to Fiesta Mart. When Cyclone began selling Lido products through S&M in the U.S., it began selling them directly to Fiesta. Cyclone told Fiesta that Cyclone – not Rio Grande – was the exclusive Lido distributor in the U.S. After that, Fiesta bought fewer Lido products from Rio Grande.

Since then, Rio Grande's U.S. sales of Lido products have declined and its relationship with Fiesta has weakened. Rio Grande is suing both Cyclone and Cyclone's collaborator, S&M. Rio Grande claims that Cyclone and S&M are selling gray market goods in the U.S., knowingly violating the exclusive distributorship agreement between Lido and Rio Grande.

3.  *Gray Market Goods.*

The Lido products that S&M and Cyclone are distributing are gray market goods. Under the Lanham Act, gray market goods are those that are not authorized for sale in the United States.[1] S&M and Cyclone are selling Lido-branded products in the U.S. without permission from Lido. Because these goods are not authorized for sale in the U.S., they are not at law genuine Lido goods and are instead known as gray market goods. Cyclone's dishonesty would be confusing to consumers who want to buy authorized Lido products but instead are unknowingly buying unlicensed goods. This difference between the Lido products being sold by Rio Grande and Cyclone is material enough to cause consumer confusion and support claims under the Lanham Act.

S&M and Cyclone know of the exclusive distributorship agreement that Rio Grande has with Lido. S&M and Cyclone have not shown Rio Grande's distributorship with Lido to be invalid or nonexistent. Because S&M and Cyclone are selling gray market goods in the U.S., Rio Grande has a claim under the Lanham Act.

4.  *False Advertising.*

S&M and Cyclone are seeking summary judgment for false advertising. Neither S&M nor Cyclone show that Rio Grande does not have facts to support false advertising.

---

[1] *See Zip Int'l Grp., LLC v. Trilini Imps., Inc.*, No. 09-CVC-2437 (JG)(VPP), 2010 Dist. LEXIS 15368, 2010 WL 648696, at *3 (E.D.N.Y. Feb. 22, 2010).

False advertising has these five elements: (a) the defendant made false or misleading statements of fact about a product; (b) the statement deceived or had the capacity to deceive a substantial segment of potential consumers; (c) the deception is material – likely to influence a consumer's purchasing decision; (d) the products are in interstate commerce; and (e) the plaintiff has been or is likely to be injured as a result of the statement.[2] Misleading representations of fact can constitute a misleading statement under the Lanham Act.

By selling gray market goods, Cyclone and S&M misrepresented facts. These had the capacity to deceive consumers who thought they were buying Lido products authorized to be sold in the U.S. If a consumer finds out that the similarly-packaged Cyclone products are gray market goods, the consumer may become confused about whether any Lido-branded product is an authorized product, or of Lido's good standard.

Cyclone and S&M confused consumers by marketing Lido goods and advertising, at least implicitly, that they have a right to do so. Because Rio Grande showed sufficient evidence that Cyclone and S&M falsely advertised the Lido products, the motion for summary judgment will be denied.

5.  *False Designation of Origin.*

S&M and Cyclone are jointly seeking summary judgment on Rio Grande's complaint of false designation of origin. Cyclone and S&M cannot show that Rio Grande does not have a false designation of origin claim. Both Cyclone and Rio Grande are distributing products within the U.S. even though only Rio Grande has the authorization to do so. Consumers likely do not want to buy unauthorized goods. Multiple Lido distributors may confuse consumers, especially if one distributor is found to be selling an unauthorized product and the other is not.

To prove false designation of origin, a plaintiff can show either a likelihood of customer confusion or that the defendants made a misleading statement of fact sufficient to support a claim under the Lanham Act. Similar to Rio Grande's false advertising claim, the sale of Lido products by Cyclone and S&M is misleading to consumers, as consumers may not realize they are buying products not authorized for sale in the U.S.

The facts demonstrate that the Lido products sold by Cyclone and S&M are gray market goods not offered legitimately for sale. Because Cyclone and S&M have created confusion in the

---

[2] *See Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 495 (5th Cir. 2000).

marketplace and Rio Grande's sales have declined due to Cyclone's deception, Cyclone's motion for summary judgment against the false advertising claim is denied.

6.  *Unfair Competition.*

For an unfair competition claim, the plaintiff must demonstrate that the defendant committed an independent tort or other illegal act that interferes with the plaintiff's ability to conduct business.[3] In this case, false advertising can serve as the independent tort to satisfy Rio Grande's unfair competition claim.

Cyclone cannot show that Rio Grande does not have an unfair competition claim. Cyclone interfered with Rio Grande's business by violating the exclusive distribution agreement and selling to Fiesta. Consumers bought Lido products from Cyclone instead of Rio Grande. Cyclone has not yet shown that it did not commit false advertising or another illegal act, thereby interfering with Rio Grande's ability to conduct its business. Because Rio Grande showed sufficient evidence that Cyclone competed unfairly, the motion for summary judgment will be denied.

7.  *Unjust Enrichment.*

For an unjust enrichment claim, the plaintiff must demonstrate that the defendant obtained a benefit from the taking of an undue advantage.[4] Cyclone was not unjustly enriched because it did not benefit through the taking of an undue advantage.

Even if Cyclone told Fiesta that Rio Grande was not the exclusive distributor of Lido products in the U.S., that does not mean Cyclone was unjustly enriched when Fiesta bought Lido products from Cyclone and not Rio Grande. Cyclone's actions are a violation of the exclusive distributorship agreement, but Cyclone was not unjustly enriched. Cyclone did not wrongfully receive any benefits by selling to Fiesta. It was paid just compensation for the goods it sold to Fiesta. Because Rio Grande cannot support an unjust enrichment claim, it will take nothing from Cyclone on this claim.

---

[3] *See Wafefront Tech. Sols., Inc. v. Morton*, No. CIV.A. H-11-383, 2012WL 284686, at *13 (S.D. Tex. May 2, 2012), *report and recommendation adopted in part*, 2012 WL 2842269 (S.D. Tex. July 10, 2012).

[4] *See McGowan & Co. v. Bogan*, 93 F. Supp. 3d 624, 633 (S.D. Tex. 2015).

8.  *Tortious Interference.*

For a tortious interference with an existing business relationship claim, the plaintiff must show that it was harmed by the defendant's independently tortious or unlawful conduct.[5]

Cyclone directly interfered with Rio Grande's business of selling authorized Lido products within the U.S. It also interfered with Rio Grande's business relationship with Fiesta, causing Fiesta to buy Lido products from Cyclone instead of Rio Grande. These actions were meant to injure Rio Grande, whom Cyclone knew to be the exclusive distributor of Lido products in the U.S., and whom Cyclone knew to have an existing business relationship with Fiesta. Cyclone knew the nature of the business relationship between Fiesta and Rio Grande and used that information to take advantage of Rio Grande's usual practice of selling Lido products to Fiesta.

For a tortious interference with a prospective business relationship claim, the plaintiff must show that: (a) there is a reasonable probability that the plaintiff would have entered into a business relationship with a third party; (b) the defendant acted with a conscious desire to prevent the relationship from occurring or knew interference was certain or substantially certain to occur as a result of the conduct; (c) the defendant's conduct was independently tortious or unlawful; (d) the interference proximately caused the plaintiff's injury; and (e) the plaintiff suffered actual damage or loss as a result.[6]

Cyclone was aware that Rio Grande opened a warehouse in Texas to distribute Lido products to stores like Fiesta. The probability of this further business was halted when Cyclone arranged to sell Lido products to Fiesta directly.

Because Cyclone tortiously interfered with existing and prospective business relationships through its gray market sales, a wrong independent of lawful competition, summary judgment on this claim is denied.

---

[5] *See Wal-Mart Stores, Inc. V. Sturges*, 52 S.W.3d 711, 713 (Tex. 2001).

[6] *See McGowan*, 93 F. Supp. 3d at 624.

9. *Conclusion.*

The facts show that Lido had an agreement with Rio Grande for Rio Grande to be the exclusive distributor of Lido products within the United States, and Cyclone violated that agreement and trust by selling Lido products directly from El Salvador. Cyclone's interference with Rio Grande's relationship with Fiesta Mart lowered its sales in the U.S. Rio Grande has not produced facts that support an unjust enrichment claim against Cyclone. Summary judgment is denied for all claims except unjust enrichment; the case proceeds.

Signed on August  9 , 2019, at Houston, Texas.

Lynn N. Hughes
United States District Judge